UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANNY LOPEZ GORDIAN,                    Civil Action No.

                    Plaintiff,
          -against-
                                        CLASS ACTION COMPLAINT
ILCA, INC. and OPERATING PARTNERS CO., INC.,

                                        DEMAND FOR JURY TRIAL
                    Defendant(s).
------------------------------------------------------------X

Plaintiff DANNY LOPEZ GORDIAN ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants ILCA, INC. AND ILCA, INC. and OPERATING PARTNERS CO., INC , hereinafter referred to as "Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff bring this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 1052 Rev. James A. Polite Ave, Apt. 12, Bronx, NY 10456.

3. Defendant ILCA, INC. is a Florida corporation with their main office at 224 E. Flagler, Suite 238, Miami, FL 33131. Defendant OPERATING PARTNERS CO., INC is a Puerto Rico company with their main address at 250 Munos Rivera Ave., Suite

1200, San Juan, Puerto Rico.

4. The Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices

and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection calls from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, on behalf of a third-party or itself as

purchaser of the debt, began collecting an alleged consumer debt.

22. On information and belief, and better known to the Defendant Operating Partners Co, Inc., using an automated dialer and prerecorded message left the Plaintiff a message on Ruthy Marrero's cell phone directing the Plaintiff to call the Defendant ILCA, Inc. (Ruthy Marrero's, cell phone number, is 718.825.1599)..

23. The Defendant's message contained none of the required disclosures under 15 USC §1692 e (11) that the Defendants were debt collectors; attempting to collect a debt, and that any information would be used for that purpose.

24. The Defendant ILCA on May 6th, 2011 through the owner of the company Rosanne ben Haddoush called the Plaintiff's attorney Harvey Rephen to dispute the original draft complaint sent to Defendant ILCA which claimed that the Defendant ILCA, Inc, violated 15 USC §1692 c(b), third party violation.(Phone conversation recorded).

25. The Defendant explained the Spanish message was mistranslated and there were no disclosures revealing they were a debt collector. After relistening to the message the Plaintiff's attorney conceded that indeed there was no 15 USC §1692 c (b) violation but instead a 15 USC §1692 e (11) nondisclosure violation.

26. During that conversation the Defendant ILCA, Inc. through Rosanne Ben Haddoush explained that her agency leaves messages on debtor's phones without any disclosures because to leave the disclosures would violate the FTC and that her agency only gives the disclosures to live people on the phone. The Defendant further stated that she had been doing this business for 30 years and she knows what she is talking about.

27. The Plaintiff's attorney attempted to explain to her the difference between

third party and nondisclosure violations but she was insistent that she was correct based on the FTC. The Defendant further stated that all the accounts that are sent to her by Defendant Operating Partner's Co., Inc., one of the agencies she works with(and advertised as a debt collection agency on the internet), and directing the consumer to call ILCA, Inc., have the same message without any of the required disclosures.

28. The Defendant Operating Systems, Co., Inc., by leaving the message directing the Plaintiff to call the Defendant ILCA., Co., was acting as a debt collector because they didn't identify themselves as a separate entity (Operating Systems Co., Inc.) and therefore presented themselves as the Defendant ILCA., Inc., which a reasonable person would have believed left the message.

29. Therefore the Defendant Operating Systems Co. Inc and ILCA, Inc. violated the Plaintiff's rights under 15 USC §1692 e-preface, e(10), and e(14) by using a false, deceptive and misleading representation and means in connection with the collection of a debt. Further that Defendant Operating Systems, Co. Inc. further deceptively used the name of defendant ILCA.,Inc which is not the true name of the debt collector Operating Systems, Co, Inc., business.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692 e (11), e – preface, e (10) and e (14).

32. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

33. Plaintiff DANNY LOPEZ GORDIAN hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DANNY LOPEZ GORDIAN demands judgment from the Defendants ILCA INC. and Defendants OPERATING SYSTEMS, CO. INC., as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        June 8th, 2011

Respectfully submitted,

By: _____/s/_____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiff Danny Lopez Gordian*

To:   ILCA INC. (MIAMI
      223 E. Flagler, Suite 238
      Miami, FL 33131

      Operating Systems Co., Inc.
      250 Munos Rivera Ave., #1200
      San Juan, Puerto Rico, 00918

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Southern District of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

DANNY LOPEZ GORDIAN,

Plaintiff,

-against-

ILCA INC. (MIAMI),

Defendant(s).

---

# COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582

---